779 F.2d 52
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MITCHELL ROSE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 84-6012
 United States Court of Appeals, Sixth Circuit.
 10/25/85
 
 AFFIRMED
 E.D.Ky.
 On Appeal from the United States District Court for the Eastern District of Kentucky
 Before: ENGEL and KENNEDY, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellant Mitchell Rose appeals from the judgment entered in the United States District Court for the Eastern District of Kentucky granting the Secretary of Health and Human Services' motion for summary judgment and dismissing Mr. Rose's claim for supplemental security income benefits.
 
 
 2
 Mr. Rose applied for supplemental security income benefits on December 18, 1980. His application was denied initially and upon request for reconsideration. Following a de novo hearing, an administrative law judge determined that Mr. Rose retained the functional ability to do his past work, and was not disabled. That determination became the final decision of the Secretary on May 21, 1984, when the Appeals Council denied Mr. Rose's request for review.
 
 
 3
 Mr. Rose sought judicial review of the Secretary's final decision pursuant to 42 U.S.C. Sec. 1383(c)(1). On September 18, 1984, the district court determined that substantial evidence exists in the administrative record to support the Secretary's decision, and entered judgment in her favor.
 
 
 4
 Mr. Rose was born on February 8, 1933, and has a ninth grade education. His past work includes jobs as a die cast operator, punch press operator, coal truck driver, and most recently as a truck driver. He alleges that he has not worked since 1976 when he became disabled due to alcoholism, poor hearing, the loss of three fingers, and swelling of his feet.
 
 
 5
 Upon a review of the record as a whole, the court agrees with the district judge and the Secretary that Mr. Rose, although clearly an alcoholic, has failed upon the record here to bear his burden of establishing that he is disabled within the meaning of the Social Security Act.
 
 
 6
 Plaintiff's counsel moved orally before this court for a remand. While the court has carefully considered this motion, it notes that it was not made in the district court. That motion is denied.
 
 
 7
 Accordingly, for the reasons set forth in the opinion of Chief Judge Eugene E. Siler, Jr., filed in the district court on December 18, 1984, the judgment of the district court is AFFIRMED.